IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERCIA**                                  **RESPONDENT**

v.                          No. 6:10-cr-60015-003
                             No. 6:13-cv-6005

**KEVIN HICKS**                                                **MOVANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 171) filed herein by **KEVIN HICKS**, (hereinafter referred to as "Hicks") an inmate confined in the Federal Bureau of Prisons. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 176. The Motion was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of the case.

1. **Procedural Background**:

Smith was named in two-count Second Superceding Indictment returned by the Grand Jury for the Western District of Arkansas on November 4, 2010. ECF No. 55. Count 1 Charged Hicks conspiracy to distribute more than 1,000 kilograms of marijuana. Count 2 of the Indictment charged Hicks with distributing more than 5 grams of crack cocaine. Hicks entered not guilty pleas to all counts.

On April 1, 2011, Hicks appeared with counsel, Charles Guidry for a change of plea hearing before the Honorable Robert T. Dawson. ECF No. 130. A written Plea Agreement was presented wherein Hicks would plead guilty to Count Two of the Indictment. ECF No. 129. Count 1 would

be dismissed at sentencing. No agreement was made as to what Hicks' sentence would be. Judge Dawson accepted the Plea Agreement and Hicks pled guilty to Count two of the Indictment. ECF No. 130.

Following preparation of a Presentence Report, Hicks appeared and was sentenced to a term of 57 months imprisonment, five years supervised release, $5,000.00 fine and a $100.00 special assessment. Hicks was advised by the Judge Dawson he had a right to appeal the sentence and that he must pursue any such appeal within fourteen (14) days.

 2. **Instant Petition**:

Hicks filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on November 29, 2012. ECF No. 171. Hicks raises the following grounds in his motion:

> 1. Hicks' counsel was ineffective in advising him the likely sentence in this case would be no more than two (2) years imprisonment and that a sentence of probation was possible. This resulted in a plea of guilty which was not knowingly made by Hicks.
>
> 2. Hicks' counsel was ineffective in failing to file a notice of appeal after being directed by Hicks to do so.

3. **Discussion**:

The Court scheduled an evidentiary hearing in this matter for November 22, 2013. On that day Hicks appeared with counsel and the Government's counsel appeared. Counsel for the Government announced the parties had reached a resolution of the issues pending in Hicks' motion. As to the first issue, Hicks conceded his plea had been knowingly made. As to the second issued, the Government agreed not to contest Hick's contentions regarding his directive to his trial counsel to appeal the sentence imposed. Hicks and his counsel acknowledged the Government's

announcement was accurate.

   **4. Conclusion**:

Accordingly, based on the foregoing, it is recommended the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 171) be **GRANTED** for the purpose of re-sentencing.  The Court recommends Hicks be re-sentenced and given an additional fourteen (14) days to file his notice of appeal of any sentence imposed at the re-sentencing.

   **The parties waived any objection to the Recommendation in this Order.**

   **DATED** this **26th**  day of November 2013.

   /s/ Barry A. Bryant
   HON. BARRY A. BRYANT
   U.S. MAGISTRATE JUDGE