IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 6:10-cr-60015-003

KEVIN HICKS                                                           DEFENDANT

## **ORDER**

Before the Court is Defendant's Motion to Terminate Probation/Community Control. ECF No. 224. The Government has filed a response in opposition to the motion. ECF No. 226. The Court finds this matter ripe for consideration.

On April 1, 2011, Defendant entered a plea of guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). ECF No. 130. On December 17, 2013, the Honorable Robert T. Dawson, Senior United States District Judge for the Western District of Arkansas, entered an Amended Judgment sentencing Defendant to fifty-seven (57) months imprisonment, five (5) years supervised release, a $5,000 fine, and a $100 assessment. ECF No. 186. Defendant was released from the custody of the Bureau of Prisons on May 12, 2015. Defendant's five-year term of supervised release commenced on the date of his release and is presently scheduled to terminate on May 11, 2020. Since his release from the Bureau of Prisons, Defendant has been supervised in the Southern District of Texas, Houston Division.

On May 4, 2018, Defendant filed the instant motion requesting the termination of the remaining term of his supervised release. Defendant contends that early termination of his term of supervised release is warranted because he has successfully completed all of the conditions of his supervised release and that, to date, his term of supervised release has been satisfactory with

no violations nor issues of noncompliance. Defendant further asserts that the United States Probation Office ("USPO") does not object to an early termination of his term of supervised release.

The Government objects to the early termination of Defendant's term of supervised release. Specifically, the Government contends that early termination of Defendant's supervised release is unwarranted because he has served only three years of his five-year term of supervised release. In addition, the Government takes the position that mere compliance with the conditions of supervised release is not a sufficient reason to terminate Defendant's term of supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court, after considering the factors in 18 U.S.C. § 3553(a), may terminate a term of supervised release any time after the expiration of one year of supervised release if it is satisfied "that such action is warranted by the conduct of the defendant released and the interest of justice." The Eighth Circuit has held that the district court has "'broad discretion' in this area, recognizing that it is in the best position to evaluate the circumstances of each individual defendant." *United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013) (quoting *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004)). In determining whether the termination of supervised release is warranted, "[c]ourts are required by 18 U.S.C. § 3583(e) to consider the following factors: 'the nature and circumstances of the offense and the history and characteristics of the defendant;' 'adequate deterrence;' protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution." *United States v. Rutherford*, No. 10-

40009-01-SAC, 2017 WL 2911780, at *1 (D. Kan. July 7, 2017) (citing §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

In a memorandum submitted to the Court, the USPO asserts that Defendant's probation officer supports the early termination of Defendant's term of supervised release. The USPO reports that Defendant satisfied his imposed financial obligation on September 29, 2015. In addition, the USPO states that, since the commencement of his term of supervised release, Defendant has maintained steady employment, maintained a stable residence, experienced no positive drug tests, and has had no new criminal arrests.

Based on the information provided by the USPO, as well as a careful consideration of the factors set forth in § 3553(a), the Court finds that Defendant's post-release conduct and the interest of justice warrant early termination of his term of supervised release. Accordingly, Defendant's Motion to Terminate Probation/Community Control (ECF No. 224) should be and hereby is **GRANTED**. Defendant's term of supervised release is hereby terminated.

**IT IS SO ORDERED**, this 15th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge